UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATED TRADERS COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HALOCARBON LABORATORIES, INC. d/b/a HALOCARBON PRODUCTS CORPORATION,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>1:18-cv-03270-JPB |

## ORDER

This matter is before the Court on Plaintiff International Associated Traders Company's ("International") Motion for Summary Judgment ("Motion"). ECF No. 38. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.　BACKGROUND

International filed a complaint against Defendant Halocarbon Laboratories, Inc. d/b/a Halocarbon Products Corporation ("Halocarbon") for recognition of a foreign-country judgment. International seeks to domesticate an alleged final judgment it secured against Halocarbon in the amount of $284,256 in the Cairo Court of Appeals in Cairo, Egypt (the "Judgment").

International's instant Motion is unopposed.[1]

## II. DISCUSSION

### A. Legal Standard

"Summary judgment is appropriate when the record evidence, including depositions, sworn declarations, and other materials, shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56) (quotation marks omitted). A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court . . . is 'whether the evidence presents a sufficient disagreement to

---

[1] "Even when a summary judgment motion is entirely unopposed, the district court still must consider the merits of the motion. Accordingly, the court must review the evidentiary materials submitted in support of the motion and 'determine whether they establish the absence of a genuine issue of material fact.'" *Philadelphia Indem. Ins. Co. v. Manitou Const., Inc.*, 115 F. Supp. 3d 1378, 1383 (N.D. Ga. 2015) (internal citations omitted).

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen*, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Id.*

After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist. *Id.* In carrying this burden, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

In sum, if the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### B.     Analysis

The facts of this case are simple and undisputed.  The record shows that International obtained the Judgment against Halocarbon in Egypt on January 16, 2018.  Halocarbon subsequently filed a "challenge" to the Judgment, but that challenge was denied.

Although Halocarbon disputed in its Answer that the Judgment is final, it did not respond to International's Motion or otherwise challenge an affidavit International provided in connection with the Motion, in which an attorney licensed to practice in Cairo averred that the Judgment was properly adjudicated in accordance with Egyptian law; it is "a final, valid and collectible judgment;" it cannot be "reversed, overturned, set aside, modified, or altered;" and "[t]here are no appeals . . . that can cause a stay of execution [of the] Judgment whatsoever." ECF No. 38-3, ¶¶ 4, 6-8.

Under O.C.G.A. §§ 9-12-112 and 113, a court in this state "shall" recognize a foreign judgment that is "final, conclusive, and enforceable" if the judgment grants or denies recovery of a sum of money; it is not related to taxes, a fine or other penalty or domestic relations; and the defendant has not established one of eleven enumerated defenses.

4

Based on the evidence provided by International, which is unrebutted by Halocarbon, the Court finds that the Judgment is final, and it grants a sum of money. The Court also finds that the Judgment does not concern any of the prohibited subject matters under O.C.G.A. § 9-12-112, given Halocarbon's previous admission that the Judgment is not related to taxes, penalty or fines, divorce, alimony or domestic relations. Finally, Halocarbon has not carried its burden to prove any of the potential defenses to the domestication of the Judgment.

For these reasons, the Court **GRANTS** International's Motion (ECF No. 38). The Court specifically finds, pursuant to O.C.G.A. § 9-12-116, that the Judgment is "[c]onclusive between the parties to the same extent as the judgment of a sister state entitled to full faith and credit in this state would be conclusive" and that it is "[e]nforceable in the same manner and to the same extent as a judgment rendered in this state."

As there are no other outstanding issues before the Court, the Clerk is **DIRECTED** to issue Judgment in favor of International and close this case.

**SO ORDERED** this 26th day of January, 2021.

J. P. BOULEE
United States District Judge